UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. PAULY, SANDRA M.
PAULY, ROBERT E. PAULY AND
SANDRA M. PAULY REVOCABLE
TRUST, ROBERT E. PAULY and
SANDRA M. PAULY, Individually,

      Plaintiffs,

v.                            Case No.:  2:24-cv-874-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

      Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion to Dismiss (Doc. 21). Plaintiffs filed a Response in opposition (Doc. 24), so the motion is ripe for review.

This is an insurance breach-of-contract case stemming from Hurricane Ian. Plaintiffs Robert and Sandra Pauly bring this action in their individual capacity and as trustees of the Robert E. Pauly and Sandra M. Pauly Revocable Trust after their residential home suffered damage from the storm, for which Defendant denied coverage. (Doc. 1). Defendant moves to dismiss the Complaint, arguing the Paulys lack standing to sue (in both their individual

and trustee capacities) and that the Notice of Intent to Initiate Litigation is inadequate. (Doc. 21). For the reasons discussed below, the motion is denied.

The Court first tackles the standing issue. To have Article III standing, a plaintiff must plead (and later prove) injury, causation, and redressibility. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A defendant can move to dismiss under Rule 12(b)(1) by either facial or factual attack. *Id.* For facial attacks, courts look to the face of the complaint, taking all allegations as true, and determine whether the plaintiff has sufficiently alleged standing. *Id.* Conversely, factual attacks challenge the existence of standing using extrinsic material, such as deposition testimony and affidavits. *Id.*; *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). They "challenge[e] the accuracy of the allegations, not their sufficiency." *Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1314 (M.D. Fla. 2010), *aff'd*, 444 F. App'x 412 (11th Cir. 2011).

When a factual attack is made, the burden is on the plaintiff to show that jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Unlike facial attacks, factual attacks offer no presumption of truthfulness to a plaintiff's allegations, and "the existence of disputed material

facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Defendant purports to bring both facial and factual attacks on Plaintiffs' Complaint.

Defendant raises several standing arguments. It contends that the Paulys lack standing in their individual capacity because they are not named insureds under the Policy and, even if they are named, it is only in their capacity as trustees. It also argues that, because they are not named insureds and do not own the Property, the Paulys have no "insurable interest" in the home. The parties spend much of their briefing debating whether the Paulys are named insureds under the Policy. But the Court need not address this issue because, even assuming the Paulys are not named insureds, they have an insurable interest in the Property. And this insurable interest supplies Article III standing.[1]

Under Florida law, only persons having an "insurable interest" in the insured property can enforce an insurance policy. Fla. Stat. § 627.405(1). An "insurable interest" is "any actual, lawful, and substantial economic interest

---

[1] Generally, "[t]here is no *per se* rule in Florida that a party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." *Harnarrine v. Praetorian Ins.*, No. 18-62848-CIV, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019). But here, the two issues overlap. Because the Paulys have an insurable interest in the home (as discussed below), Defendant's allegedly wrongful denial of coverage is an injury in fact, caused by Defendant, which can be redressed with a judgment on their breach of contract claim.

in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."  Fla. Stat. § 627.405(2). "The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury or impairment thereof."  Fla. Stat. § 627.405(3).

Defendant argues the Paulys do not individually have an insurable interest in the Property because they are not named insureds, nor do they own the home.  The Court presumes for the sake of argument that the Paulys are not named insureds.  And it is undisputed that the Paulys do not own the Property.  After owning the home for almost twenty years, in 2017, they deeded it to the Robert E. Pauly and Sandra M. Pauly Revocable Trust.  (Docs. 21-3, 24-6 ¶ 4).  So the Trust owns the home.

Although the Paulys do not legally own the Property, "Florida does not require legal title for an insured to have an insurable interest."  *Covington v. State Farm Fire & Cas. Co.*, 330 So. 3d 943, 945 (Fla. Dist. Ct. App. 2021); *see also Conyers v. Balboa Ins.*, 935 F. Supp. 2d 1312, 1315–16 (M.D. Fla. 2013) ("In Florida, an insurable interest is not determined by the concept of title, but rather whether the insured has a substantial economic interest in the property.").  Nor does an individual need to be a named insured to have an insurable interest.  *See Fawkes v. Balboa Ins.*, No. 8:10-CV-2844-T-30TGW, 2012 WL 527168, at *3 (M.D. Fla. Feb. 17, 2012) ("This insurable interest may

be enforced by a property owner, even if he possessed no policy in his name."). Still, the Paulys seem to have neither, which Defendant believes destroys their claim. Not so.

As settlors of the Trust, the Paulys control (and effectively own) the Property. The home is titled to the Robert E. Pauly and Sandra M. Pauly Revocable Trust. Naturally, the settlors of this revocable trust are the Paulys. Because the trust is revocable, the Paulys uniquely possess "the absolute right to call the trust to an end and distribute the property in any way [they] wish[]." *Schlossberg v. Est. of Kaporovsky*, 303 So. 3d 982, 985 (Fla. Dist. Ct. App. 2020). In other words, so long as they are living, the Paulys are the sole beneficiaries of the trust, and they can regain absolute ownership of the trust property at any time. *Id.* So while the Trust legally owns the home, the Paulys, as the settlors, control and effectively own it. *See Bernal v. Marin*, 196 So. 3d 432, 435 (Fla. Dist. Ct. App. 2016) (explaining the "uniqueness" of a revocable trust includes "the settlor's retention of control over the property"). This control over the Property shows an economic interest in its preservation.

That is not all. Robert Pauly filed an affidavit explaining that the Paulys reside in the home and have done so since 1990, they pay all expenses (including repairs for the damages from Hurricane Ian) out of their personal funds, and they pay all the insurance premiums out of pocket. (Doc. 24-6 ¶ 6). Perhaps most compelling, the Paulys are the mortgagors of the home, and they

pay the mortgage with their personal funds. (Doc. 24-6 ¶ 7). Given the mortgage is secured by the home, the Paulys have a substantial economic interest in its preservation and would be damnified by structural damage or loss that diminishes the value of their collateral. *Cf. Cincinnati Ins. v. Palmer*, 297 So. 2d 96, 98 (Fla. Dist. Ct. App. 1974) (explaining that given the appellee's personal guarantee, he "had a direct pecuniary interest in seeing that the primary security for the obligation remained free from loss, destruction, or damage").

In sum, the Paulys' control and effective ownership over the Property as settlors, their continued residence in and maintenance of the Property, and their personal mortgage on it sufficiently establishes their insurable interest. As a result, they have standing, in their individual capacity, to maintain this action.

One more standing issue. Defendant also seems to argue the Paulys have no standing even in their capacity as trustees because "the only real parties in interest" are the Trust's beneficiaries—Steven and Julie Pauly—and the Trust itself. So until the beneficiaries' interests are properly addressed, the argument goes, the Paulys' claim as trustees must be dismissed. (Doc. 21 at 11). This argument is easily rejected for several reasons.

To begin, Rule 17(a)(1)(E) explicitly permits "a trustee of an express trust" to "sue in their own names without joining the person for whose benefit

the action is brought." Further, Rule 17(b)(3) explains that the capacity to sue is determined by the law of the state where the court is located. Under Florida law, only a trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries. *See Roller v. Collins*, 373 So. 3d 35, 42 (Fla. Dist. Ct. App. 2023) (explaining that "the real party in interest in litigation involving a trust is the trustee").[2] What's more, the beneficiaries do not appear to be necessary parties under Rule 19(a). Per the Residence Held in Trust endorsement in the Policy, the beneficiaries are only extended coverage for personal property, loss of use, personal liability, and medical payments to others (Doc. 21-2 at 57-58), none of which appear at issue. So the Paulys also have standing in their capacity as trustees.

Moving on from standing, Defendant next asks the Court to dismiss this case because Plaintiffs' Notice of Intent to Initiate Litigation is inadequate. Florida requires that, as a condition precedent to suing under a property insurance policy, the plaintiff must file a written Notice of Intent to Initiate Litigation. Fla. Stat. § 627.70152(3)(a). The notice must specify certain information, such as the alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage. If the notice is provided

---

[2] Although there are exceptions to this rule, such as when a conflict of interest arises between the trustee and a beneficiary, no such exception is present. *See Roller*, 373 So. 3d at 42 (citing Restatement (Third) of Trusts § 107).

following acts or omissions by the insurer *other than* denial of coverage, it must include (a) a presuit settlement demand that itemizes the damages, attorney's fees, and costs, and (b) the disputed amount. Fla. Stat. § 627.70152(3)(a)(5). But if the notice is provided following a denial of coverage, then these items are not required.

Defendant argues that Plaintiffs' Complaint alleges Defendant failed to pay the *full value* of the claim, not that it denied the claim, and thus its Notice of Intent needed to include a presuit settlement demand, an itemized claim for attorney's fees and costs, and the disputed amount—which it did not. But the allegations in the Complaint do not trigger the notice requirements; it is Defendant's denial of coverage or its acts/omissions other than denial that does so.[3] Before Plaintiffs filed their Notice of Intent, Defendant issued a letter explaining that it was denying coverage because its estimate of Plaintiffs' covered loss fell below the deductible amount. (Doc. 24-7). This is a denial of coverage. Indeed, the Notice of Intent explicitly states, "This Notice is being provided following a denial of coverage." (Doc. 21-1). And Defendant does not dispute it denied coverage. So Plaintiffs' Notice of Intent was not required to comply with § 627.70152(3)(a)(5).

---

[3] Indeed, it makes little sense that a pleading—which is filed and served *after* the Notice of Intent—would retroactively dictate the requisite contents of such notice.

Defendant raises two other unpersuasive arguments.  It observes that the "claimants" listed in the Notice of Intent are "Robert and Sandra Pauly and Sandra M. Pauly Rev. Trust."  (Doc. 21-1).  Because the Trust is improperly identified as "Sandra M. Pauly Rev. Trust" rather than "*Robert E. and* Sandra M. Rev. Trust," Defendant insists the Notice is defective, and the case must be dismissed.  The Court is unpersuaded.  Such a minor defect does not warrant a dismissal, especially given Defendant's response to the Notice of Intent had no issue identifying the proper claimants or otherwise raised any such concern (Doc. 24-9).  And to be sure, dismissal for such a negligible typo is not required under Fla. Stat. § 627.70152(5).[4]

Defendant is also concerned that the Trust beneficiaries were not identified as claimants in the Notice.  But this argument fails because, as discussed above, the beneficiaries are not the parties in interest here.  On that score, the statute defines "claimant" as "an insured who is *filing suit* under a residential or commercial property insurance policy."  Fla. Stat. § 627.70152(2)(a).  Since the beneficiaries did not file suit, they are not "claimants."  So Plaintiffs' Notice of Intent is sufficient.

Accordingly, it is now

---

[4] Although Fla. Stat. § 627.70152(5) provides that courts *must* dismiss without prejudice any claimant's suit in which a notice of intent "was not given as required" in the statute, Plaintiffs' typo does not run afoul of any statutory requirement.

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 21) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 12, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record