UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT E. PAULY, SANDRA M.
PAULY, ROBERT E. PAULY AND
SANDRA M. PAULY REVOCABLE
TRUST, ROBERT E. PAULY and
SANDRA M. PAULY, individually,

      Plaintiffs,

v.                          Case No.:  2:24-cv-874-SPC-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

      Defendant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiffs' Rule 60 Motion for Reconsideration.  (Doc. 90).  In the Order granting in part Defendant's Motion for Summary Judgment, the Court ruled that Plaintiffs cannot collect replacement cost value ("RCV") damages if they have not incurred replacement costs.  (Doc. 88).  In doing so, the Court declined to follow a decision by Florida's Third District Court of Appeal in *Citizens Property Insurance v. Tio*, 304 So. 3d 1278 (Fla. Dist. Ct. App. 2020).  Instead, the Court sided with Florida's Fourth District Court of Appeal in *Universal Prop. & Cas. Ins. v. Qureshi*, 396 So. 3d 564 (Fla. Dist. Ct. App. 2024) and the many other courts that "have almost uniformly held that an insurance company's liability for replacement cost does not arise until the

repair or replacement has been completed." *Ceballo v. Citizens Prop. Ins.*, 967 So. 2d 811, 815 (Fla. 2007).

A few days after this Court entered the summary-judgment Order, Florida's Second District Court of Appeal issued an opinion consistent with *Tio*—*Brito v. Citizens Prop. Ins. Corp.*, No. 2D2024-0664, 2025 WL 1699788 (Fla. Dist. Ct. App. June 18, 2025). Like *Tio*, the *Brito* court held that an insured could collect RCV damages—even if the insured has not incurred replacement costs—when the insurer outright denies coverage. *Id.* In light of this new opinion, Plaintiffs ask the Court to reconsider its holding and permit them to submit RCV damages to the jury notwithstanding their failure to undergo repairs. (Doc. 90).

"Courts have generally recognized three grounds for reconsidering a court order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Law Offices of Rodrigo S. Da Silva, P.A., v. Auckland Holdings, LLC*, No. 1:23-CV-21147, 2025 WL 1191111, at *1 (S.D. Fla. Feb. 14, 2025); *see also Kona Spring Water Distrib., Ltd. v. World Triathlon Corp.*, No. 8:05-CV-119-T-23-TBM, 2006 WL 1382060, at *1 (M.D. Fla. May 16, 2006). Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *See Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a

movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

Plaintiffs do not specify on which ground they seek reconsideration. But presumably, they believe the *Brito* opinion constitutes an intervening change in controlling law. They are incorrect. The *Brito* opinion is not binding on this Court.[1] And new but non-binding authority does not constitute an intervening change in "controlling law" warranting reconsideration. *See Doe v. Rollins Coll.*, No. 6:18-CV-1069-ORL-37-LRH, 2020 WL 8408453, at *2 (M.D. Fla. July 13, 2020) ("[P]ersuasive authority . . . does not constitute an intervening change in controlling law to support reconsideration of a prior summary judgment order."); *Bravo v. Eden Isles Condo. Ass'n, Inc.*, No. 09-22532-CIV, 2011 WL 13174648, at *1 (S.D. Fla. July 11, 2011) ("The *Balvage* opinion from the Ninth Circuit is persuasive authority in this circuit; it is not controlling

---

[1] Generally, this Court adheres to decisions of Florida's intermediate appellate courts, absent precedent from the Florida Supreme Court. *See Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1318 (11th Cir. 2015). Where Florida's appellate courts are split on an issue, however, the Court follows the law of the appellate district in which the Court is located. *See United States v. Montague*, 437 F. App'x 833, 836 (11th Cir. 2011). Because this Court sits in Florida's Sixth District Court of Appeal, *Brito* is not binding. *See id.* (explaining that "a sister district's opinion is merely persuasive").

law that would support reconsideration of the order on summary judgment."). So the Court denies Plaintiff's motion for reconsideration.

What's more, the Court does not find *Brito* persuasive. The *Brito* court observed that the language of Fla. Stat. § 627.7011(3)(a) and the policy's loss-settlement provision (which limit the insurer's payment to actual cash value until replacement costs are incurred) are limited to *covered* claims. *Brito*, 2025 WL 1699788, at *3. But since the insurer maintained that the insured's losses were not covered, the *Brito* court reasoned that the payment-splitting method of the statute and the loss-settlement provision does not apply. *Id.* Thus, the court concluded the insured could collect RCV damages at trial (despite never incurring such costs). *Id.* The Court cannot agree with this rationale.

The *Brito* court's holding that § 627.7011(3)(a) and the policy's loss-settlement provision only apply when an insurer acknowledges coverage is unconvincing. If these provisions do not govern payment after an insurer initially denies coverage, then what does? The *Brito* court never answers this question. And this Court is unable to identify any provision in the statute or the policy governing loss settlement for uncovered losses (for obvious reasons). So the *Brito* court must believe that when an insurer initially denies coverage, the insured gets to rewrite the policy and elect how the insurer will settle its loss. In this Court's view, this is not the correct approach. Rather, the limitation to "insured" losses in § 627.7011(3)(a) and "covered" property in the

policy's loss-settlement provision means exactly what it says: the insurer will only issue payment (RCV or otherwise) if the loss is covered—whether the insurer acknowledges coverage or a court makes this determination.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Reconsideration (Doc. 90) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record